UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

   - v. -

IVAN MAGIDOV,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S2 20 Cr. 440 (JGK)

   WHEREAS, on or about November 18, 2020, IVAN MAGIDOV (the "Defendant"), was charged in a one-count Superseding Information, S2 20 Cr. 440 (JGK) (the "Information"), with conspiracy to commit bank fraud and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One);

   WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), of, including but not limited to, a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

   WHEREAS, on or about November 18, 2020, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit a sum of money equal to $2,700 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information;

   WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,700 in United States currency representing, pursuant to Title 18, United States Code,

Sections 981(a)(1)(C) and 982(a)(2)(A), the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorney, Jacob R. Fiddelman, of counsel, and the Defendant, and his counsel, Clay Kaminsky, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $2,700 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, IVAN MAGIDOV, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____     4/13/21
JACOB R. FIDDELMAN                        DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212)637-1024

IVAN MAGIDOV

By: _____     4/13/2021
IVAN MAGIDOV                              DATE
(Clay H. Kaminsky for Ivan Magidov)

By: _____     4/13/2021
CLAY KAMINSKY, ESQ.                       DATE
Attorney for Defendant
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, NY 10007

SO ORDERED:

_____         4/19/21
HONORABLE JOHN G. KOELTL                  DATE
UNITED STATES DISTRICT JUDGE